(15 App. Div. 613.)

## DUHRKOP v. WHITE.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

MECHANICS' LIENS—BUILDING PERMIT—FAILURE OF CONTRACTOR TO OBTAIN.

The failure of a contractor to procure from the building department a permit for the construction of ovens, and the alteration in premises in connection therewith, does not defeat his right to recover for building them where he never agreed to obtain the permit, since the statute (Laws 1892, c. 275, § 39) requires the statement on which the permit is granted to be submitted by "the owner or his agent or architect."

Appeal from judgment on report of referee.

Transferred from the First department.

Action by Frederick Duhrkop against Isaac White to foreclose a mechanic's lien. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Samuel Greenbaum, for appellants.

Frank J. Dupignac, for respondent.

PER CURIAM. In the summer of 1893, the plaintiff constructed two ovens in the cellar of certain property on Second street in the city of New York, belonging to the defendant. The contract for the building of these ovens was oral, and the parties differ materially in respect to its terms. They agree, however, that the price to be paid for the work was $2,400. The precise part of the premises in which the ovens were to be placed was the subject of considerable discussion between the plaintiff and the defendant. The defendant's idea seems to have been that they should be located under the sidewalk, whereas the plaintiff suggested that a preferable place would be a dark part of the cellar, under a carriageway. They were actually built in this part of the cellar, instead of under the sidewalk. The result appears to have been that when in use they produced an uncomfortable degree of heat on the upper floors of the premises, which were occupied as tenements; and also melted the ice in a neighboring ice box, and heated the water in certain pipes which supplied the building. An effort was made by the plaintiff to reduce the effect of the heat given out from the ovens by constructing a wall and making certain other changes in the cellar. This did not satisfy the defendant, however, who insisted that the plaintiff had agreed to move the ovens, and rebuild them under the sidewalk, if they caused the premises to become overheated. The plaintiff refused to do this, and denied that he had ever agreed to do it. Out of the dispute thus arising has proceeded the present litigation.

The proper disposition of the case depends chiefly upon questions of fact, which were determined by the referee on conflicting evidence. His decision in favor of the plaintiff finds such ample support in the proof that we should not be justified in setting it aside simply because another view of the facts, based upon a different estimate of the credibility of the respective witnesses, would have

warranted a judgment for the defendant. The referee must have been satisfied that the plaintiff stated the terms of the agreement correctly, and that the defendant did not. In his opinion he declares that nothing was said with reference to the heat of the ovens, except that the plaintiff assured the defendant that the ovens would cost him nothing if they did not bake well. It also appears that, although the defendant frequently visited the building while the ovens were in process of construction, he made no objection to their location; and the subsequent work done in the cellar, for the purpose of lessening the effect of the heat, is found by the referee to have been performed by the plaintiff gratuitously. These conclusions of the trial court, being based upon evidence sufficient to sustain them, should be upheld.

Only a single question of law is argued in the brief of the learned counsel for the appellant, who urges that the failure of the plaintiff to procure a permit from the building department for the construction of the ovens and the alterations in the premises in connection therewith should defeat any recovery in his behalf in this action. A reference to the statute shows that the statement which it requires to be submitted to the superintendent of buildings must proceed from "the owner or his agent or architect." Laws 1892, c. 275, § 39. There is no proof that plaintiff ever agreed with the owner or undertook to submit any such statement in his behalf, or procure the same to be approved. There is an affidavit by the plaintiff in the record, verified long after the beginning of the action, and filed with the department of buildings in the city of New York, which refers to these ovens, and states that the affiant "was authorized" by Isaac White, the owner, to make application for the proposed work; but this paper cannot be regarded as an admission that the plaintiff had entered into any engagement binding himself to make such application. Not only was there a failure to prove that the defendant had suffered any damage by reason of the omission to obtain a permit, but it was affirmatively shown that while the work was in progress it was stopped on the occasion of a visit from an inspector of buildings, and was subsequently allowed to proceed without objection; thus indicating the assent of the building department to the desired alterations.

We find no reason for interfering with this judgment, and it should be affirmed, with costs.