ZWERDLING v. CONGREGATION ADAS LE ISRAEL.

(Supreme Court, Appellate Term. February 23, 1905.)

CONTRACTS—BUILDING REGULATIONS—NONCOMPLIANCE—EFFECT.

Where original plans were filed in the building department by the architect pursuant to the requirements of the building code, failure to file specifications showing modifications in the original plans cannot defeat a claim for work performed thereunder, when it was thereafter approved by the building department, and defendant enjoyed the benefit of the labor and materials furnished.

Appeal from City Court of New York, Trial Term.

Action by Sam Zwerdling against the Congregation Adas Le Israel. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Israel M. Lerner, for appellant.

Marks & Marks, for respondent.

McCALL, J. The defendant corporation in this case originally engaged an architect to prepare plans for certain repairs and alterations to a building owned by it, and known by the street number 167 Clinton street, in the city of New York. Said plans were prepared by the architect, and by him filed in the building department of said city, and were approved by the head of that bureau. On the plans as a working basis the plaintiff's assignor figured, and ultimately agreed with the defendant to do the work called for by the plans for the sum of $800. Subsequently these plans were modified at the suggestion of plaintiff's assignor, and under the changes made the cost of completing same was enhanced to the sum of $173, and was assented to by both parties, and the changes in the plans assented to by the architect. No detailed statement of the specifications or plans showing the modification or change in the original plans was filed in the building department, and because of this failure to comply with the very explicit terms of the building code it was asserted before the trial justice that the contract upon which recovery was sought was illegal, and upon application the trial justice directed a verdict for defendant. We think this was error. The building code provides that the duty of filing the necessary plans and specifications rests upon "the owner or lessee or agent of either or the architect or the builder employed by such owner or lessee." This record reveals no special arrangement whereby the builder agreed to file these papers, and the duty the law imposes was assumed by the architect in the case of original plans by his filing same and the changes thereof he approved of. The plaintiff offered to prove that the modifications in no way impaired the stability of the building, that the work progressed under the supervision of the building department, and when finished was passed and approved by them; thus indicating its assent to the changes. Duhrkop v. White, 15 App. Div. 613, 44 N. Y. Supp. 694. It would be a palpable injustice to sustain this judgment so rendered against this plaintiff under such circumstances, particularly when the defendant enjoys the benefit of the work performed and materials furnished by this plaintiff's assignor under a contract made by him, and who was even more culpable than the plaintiff's assignor in violating the law, which violation he now seeks to take such questionable advantage of. We do not feel it necessary to pass upon the question of dismissal on merits under the circumstances, the judgment being reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.